**ASHFORD, d. b. a. JIMMIE'S CAFE, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Common Pleas Court, Franklin County.

No. 188809.   Decided February 17, 1954.

194

Charles T. Kaps, Columbus, for appellant.
C. William O'Neill, Atty Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By CLIFFORD, J.

This appeal arises because of an alleged violation on Sunday, September 27, 1953, of §4301.22 (D) R. C. (§6064-22 [4] GC) prohibiting Sunday sales of intoxicating liquor, to-wit: malt beverages in excess of 3.2% and §4301.66 R. C. (§6064-63 GC), prohibiting the obstruction of an inspection of permit premises. The Board of Liquor Control found that the allegations of the Department of Liquor Control under the charges made were well founded and ordered the Class D-1 and D-2 permits of the appellant suspended for a period of forty-five (45) days.

The testimony shows that on Sunday, September 27, 1953, at about 8:10 P. M. two officers of the Cincinnati Police Department in plain clothes, entered the permit premises, walked to the back part of the bar, ordered and were served glasses of draft beer. After remaining there a short while, the officers testified that Haven Ashford, an employee of the permit holder, placed cans of beer labeled in "excess of 3.2%, not more than 7% alcohol by weight" before them from which he poured beer into their glasses. The officers then confiscated the beer, identified themselves, and walked behind the bar, whereupon the officers testified Haven Ashford directed vulgar and profane language at Officer Easterling. It is charged that two violations occurred here, namely, a Sunday sale of intoxicating liquor and that Haven Ashford interfered with the officers' attempt to inspect the premises.

The Court will deal first with the charge that a beverage in excess of 3.2% alcohol was sold on the permit premises during the hours on Sunday prohibited by §4301.22 (D) R. C. (§ 6064-22 [4] GC). On examination of the record it is evident there is one omission by the Department in putting on its evidence which is dispositive of this charge. The Depart-

ment has not shown that the alcoholic content of the beverage in question was in excess of 3.2%. In truth, the nature of the beverage has not been proven at all. Although the officers testified they confiscated the high-power beer which they alleged was sold to them and other patrons, the beer in question was not introduced in evidence nor was any expert testimony given which would indicate that an illegal beverage had been served. There was no competent testimony that the beverages which were actually served contained alcohol in excess of 3.2%. The only testimony on the point at all was the testimony of the two officers that the bartender poured a liquid into their glasses from cans which the officers said were labeled "excess of 3.2%, not more than 7% alcohol by weight." This testimony alone is not sufficient to prove that the beer served actually was in excess of 3.2% alcohol. Had the Department shown by the testimony of a chemist, after qualifying him as an expert witness, that the beer was over 3.2% alcohol, a different picture would present itself. But this the Department did not do. With respect to this charge, the Court finds that the finding and order of the Board is not supported by reliable, probative and substantial evidence.

Turning now to the second charge, that the employee of the permit holder did "prevent, hinder and obstruct" officers of the law in making an inspection of the permit premises in violation of §4301.66 R. C. (§6064-63 GC), we find the Department has not established an essential element to this charge. In order to determine what conduct shall constitute the offense described in the statute as preventing, hindering and obstructing an officer of the law in making an inspection of the premises, the Court adverts to the cases describing assault. Sound logic requires that to be guilty of a violation of the statute here charged, the accused must at least be guilty of an assault upon the law enforcement officers. If the accused is not guilty of a simple assault, we cannot see how he may be properly accused of preventing, hindering or obstructing an inspection.

The only conduct of which the accused may be reproached, and which forms the basis of this charge, is that he used vulgar and profane words in the presence of the officers at the time they came behind the bar to inspect. Mere words are not enough to constitute an assault. Restatement of the law of Torts, Par. 21. To make the actor liable for an assault, he must have done an act other than the mere speaking of words * * *. Restatement, op. cit. Par. 31. However violent they may be, they cannot take the place of that force which is necessary to complete the offense. They are often the exhibition of

harmless passion and do not by themselves constitute a breach of the peace, as the law supposes that against mere rudeness of language, ordinary firmness will be a sufficient protection. 4 Am. Jur. 134. Judge Weygandt at page 105 of his Ohio Charges and Special Requests, quoting from State of Ohio v. Blaine Snouffer, states:

"The mere uttering of words, however vile and however vulgar, would not justify the defendant in assaulting the plaintiff."

Assault has been defined as any attempt or offer with force or violence to hurt another, under such circumstances as show an intention with present ability to carry such intention into effect. The record in this case does not indicate an assault was committed.

A careful analysis of the words "prevent, hinder and obstruct" discloses that the commonly accepted meanings of these words as characterized in Websters' Unabridged Dictionary, do not fit the conduct of the accused on the night in question. The three sentences spoken by the accused did not prevent the inspection. The record establishes that. Nor were they of sufficient duration in time to become a hindrance or obstruction. The few words spoken, in the total absence of other evidence, are not probative of this charge. The Court finds that there is not reliable, probative or substantial evidence in the record to support either of the charges set forth in this case, and that the findings and order of the Board of Liquor Control are not therefore in accordance with law. Reversed.