STATE, Plaintiff-Appellee, v. BROWN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25284.   Decided December 21, 1960.

*Mr. Ralph Locher,* director of law, for plaintiff-appellee.
*Mr. Cecil P. Mauk,* for defendant-appellant.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

For further history see *Omnibus Index* in bound volume.

DOYLE, P. J. The defendant, Sanford Brown, was charged by affidavit in the Municipal Court of the City of Cleveland with preventing, hindering and obstructing an agent of the Department of Liquor Control of Ohio in his inspection and search of the defendant's bar on Lorain Avenue in the City of Cleveland, Ohio; the place of business and premises of the defendant "being a bona fide place where intoxicating liquor was possessed and sold * * *"; contrary to Section 4301.66, Revised Code.

Pursuant to trial a verdict of guilty was returned by a jury and a judgment was entered thereon.

The appellant Brown asserts in his appeal to this court the following claimed errors which he says are prejudicial to his rights:

"1. The trial court erred in not directing a verdict for defendant at the close of the State's case;

"2. The trial court erred in not directing a verdict at the close of all the evidence;

"3. The trial court erred in overruling defendant's motion for a new trial;

"4. The trial court erred in its charge to the jury as to

what constituted hindering and obstructing, search and inspection of the premises within the facts of this case."

Section 4301.66, Revised Code, mentioned in the affidavit, provides:

"No person shall hinder or obstruct any agent or employee of the department of liquor control, or any officer of the law, from making inspection or search of any place, other than a bona fide private residence, where intoxicating liquor is possessed, kept, sold, or given away."

The following facts are shown by testimony in the record:

1. Two agents of the Department of Liquor Control went into the appellant's place of business on December 30, 1959, to inspect and observe the premises for which a liquor permit had been issued;

2. While seated at the bar and in the performance of the duties of their visit, they witnessed the sale of beer, containing not less than 3.2 per cent nor more than 7 per cent alcohol, to a male person whose appearance made it questionable whether he was of sufficient age to be the vendee of a legal sale;

3. The agents then approached the young purchaser and after questioning him and after an inspection of his driver's license, they concluded that he was under the age limit permitted for such purchase;

4. The appellant Brown thereupon proceeded to the table where the foregoing occurrence took place. One of the agents, John Cleary, then identified himself and displayed to Brown, the proprietor, his credentials as an officer and stated to him that an illegal sale had been made to a minor;

5. The two agents and the young purchaser of the beer then walked to the bar where the officers intended to issue a notice to the proprietor of a violation of the statute;

6. The bottle of beer, sold to the youth, had been seized by the agents as evidence, and was in their possession as they stood at the bar; suddenly the bottle was caused to drop to the floor, where it broke and its contents spilled in various directions;

7. From this point on the evidence is in direct conflict. The agents testified that the bottle was grabbed from agent Kralik's hand by proprietor Brown and by him smashed on

the floor with the exclamation: "There is your evidence." Counsel for the appellant summarizes his evidence as follows: As the agents and Brown stood at the bar "Someone shouted, and Mr. Brown in turning around happened to strike the bottle of beer, * * * either accidentally or unintentionally, causing the bottle to strike the ground and be broken, spilling its contents. A patron then grabbed Mr. Kralik (one of the agents) with the obvious purpose of allowing the young man to flee the premises. During the scuffle, Mr. Brown stood nearby taking no part in it. No threatening language was used on Kralik by Brown, nor did Brown in any way assist the patron in helping the young man escape, nor did Brown touch Kralik at any time during the proceedings. The police were called by agent Cleary. The police placed Brown under arrest, and (he) was conveyed to the police station * * *, the investigators going independently to the police station."

The appellant takes the position in this court that the trial court erred in charging the jury that "if the prosecutor has proved beyond a reasonable doubt that the defendant, Brown, deliberately and intentionally knocked a bottle of beer from the hands or hand of one of the liquor agents, knowing him to be an agent at that time, you will return a verdict of guilty." It is argued that by so charging, the court limited the issues and invaded the province of the jury to try the facts; that even though it might be found that Brown did purposely destroy the bottle of beer which was to be used as evidence against him, such fact did not constitute a "hindering or obstructing (of) a search or inspection of the premises" for the reason that the "search and inspection" had been completed when the agents notified Brown of his violation of the law, at a time prior to the incidents surrounding the destruction of the evidence; as a consequence Brown did not hinder or obstruct the agents from inspecting or searching his place of business in violation of the statute.

No "borrowed light" is needed to determine the intent of the legislature when it enacted Section 4301.66, Revised Code, for the reason that it is included in the same chapter of the Code which grants power to the Department of Liquor Control of the state to enforce the penal laws of the state relating to the

manufacture and sale of beer and intoxicating liquors, and to delegate to any of its agents or employees power of investigation in enforcing control of the sale of beer and intoxicating liquor, including "the powers of police officers with respect to the enforcement of any of the penal laws relating to beer and to intoxicating liquor, * * *." Section 4301.10, Revised Code.

From the foregoing statements in this opinion, it is apparent that we are called upon, among other things, to interpret the statute under which the prosecution was instituted.

In Section 1.11, Revised Code, appears the following directions:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws; but this section does not require a liberal construction of laws affecting personal liberty, relating to amercement, or of a penal nature."

By the enactment of this statute, the legislature intended that a strict construction is to be accorded to penal statutes. However, this rule "is subordinate to the rule of reasonable, sensible, and fair construction, according to the expressed legislative intent, having due regard to the plain, ordinary, and natural meaning and scope of the language employed in the act. * * * The construction of the statute should not be unduly technical, arbitrary, severe, artificial, or narrow. In short, while criminal statutes are to be strictly construed in favor of the defendant, the courts are not authorized so to interpret them as to defeat the obvious purpose and intent of the legislature." * * * 37 Ohio Jurisprudence, 749 (Statutes), par. 422, et seq. See also cases cited supporting the text; also In Re Clemons, 168 Ohio St., 83, 151 N. E. 2d, 553, at p. 87.

We are not troubled in this case with any doubts concerning the facts which were resolved by the jury. Our question is whether the facts are a violation of the statute.

It is our thought, and we so conclude, that the evidence of the conduct of the appellant at the time of the smashing of the bottle containing the incriminating evidence shows that this affair was so closely connected with the inspection of the saloon by the agents of the Department of Liquor Control as to be a

part of the "res gestae" and as a consequence, the appellant could properly be found guilty of hindering and obstructing the agents irrespective of whether their inspection and search of the premises had been technically completed or not.

The issue presented to the jury in the court's charge set forth above was in fact the only issue of legal substance in dispute. Reasonable minds could come to but one conclusion on the question of "res gestae," and therefore the only dispute was the circumstances surrounding the destruction of the evidence. We find the court's charge on this question ample and sufficient.

"Res gestae" means the facts which form the environment of a litigated issue. This rule applies to civil activities as well as to criminal conduct and may in instances be applied to a combination of the two.

Cases of a far greater seriousness than the one before us do by analogy sustain our view on the question of "res gestae." Two of them are: *Conrad, alias Castor* v. *State of Ohio*, 75 Ohio St., 52, 78 N. E., 957; *State of Ohio* v. *Habig*, 106 Ohio St., 151, 140 N. E., 195.

The first case cited above is authority for a judgment of guilty of first degree murder without the elements of deliberation and premeditation if a homicide is committed under circumstances so closely connected with the perpetration or the attempt to perpetrate the offense of burglary as to be a part of the "res gestate," whether the offense of burglarly or attempt to commit burglary had been technically completed or not. (See Section 2901.01, Revised Code.) The second case cited includes the following syllabus:

"1. Where several persons have jointly committed the crime of robbery of several victims and have taken from one or more of them property of value and are fleeing from the scene of the robbery and immediately thereafter one of the victims runs a short distance in the opposite direction and notifies policemen of the crime and the direction in which the robbers are fleeing and the policemen pursue the robbers and intercept them within a few minutes thereafter, and when the robbers have proceeded in their flight a distance of not more than five city squares and while they are still in flight carrying

the proceeds of the robbery which had not yet been divided among them and the robbers refuse to surrender and one of their number shoots a policeman and inflicts injuries resulting in his death, such homicide is committed in perpetrating a robbery. (*Conrad* v. *State*, 75 Ohio St., 52, approved and followed.)"

We find no error of a prejudicial character, and the judgment will be affirmed.

Judgment affirmed.

HUNSICKER and GRIFFITH, JJ., concur.