OPINION
Appellant, Brian Todd Rodgers, operates a bar in Richland County, Ohio. Appellant possesses a D-5 liquor permit providing for the purchase of alcoholic beverages for on-premises consumption and sale.
On May 4, 1997, appellant was cited for hindering or obstructing a liquor control investigation in violation of R.C.4301.66 and improper conduct, to wit possession of marijuana, in violation of Ohio Adm. Code 4301:1-1-52. These charges stemmed from an investigation conducted on November 22, 1996. The latter charge was subsequently dismissed.
A hearing before appellee, the Liquor Control Commission, was held on September 25, 1997. By order dated October 3, 1997, appellee found appellant violated the hindering and obstructing charge and revoked appellant's liquor license.
Appellant filed a notice of appeal with the Court of Common Pleas of Richland County, Ohio. By judgment entry filed April 10, 1998, the trial court affirmed appellee's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION IN AFFIRMING THE LIQUOR CONTROL COMMISSION'S FINDING THAT THE APPELLANT OR HIS EMPLOYEES VIOLATED OHIO REVISED CODE SECTION 4301.66 AS CHARGED IN VIOLATION 2 OF THE NOTICE OF HEARING.
II
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE DECISION AND PENALTY OF THE OHIO LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
 I, II
Appellant claims the trial court erred in affirming appellee's decision and in finding the decision and penalty were supported by reliable, probative and substantial evidence and was in accordance with law. We disagree.
In reviewing an order from the liquor control commission, a trial court may affirm the order if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. In Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571, Justice Wright defined these terms as follows:
 (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. (Footnotes omitted.)
Our review is more limited. We do not examine the evidence. As stated by Justice Sweeney, Sr. in Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621:
 The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264, 266. See, also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241.
Appellant was cited for violating R.C. 4301.66 which states as follows:
 No person shall hinder or obstruct any agent or employee of the department of liquor control, or any officer of the law, from making inspection or search of any place, other than a bona fide private residence, where beer or intoxicating liquor is possessed, kept, sold, or given away.
"Hinder" is defined as "[o]bstruct or impede." Black's Law Dictionary (6 Ed. 1990) 729. "Obstruct" is defined as follows:
 "[t]o hinder or prevent from progress, check, stop, also to retard the progress of, make accomplishment of difficult and slow. * * * To be or come in the way of or to cut off the sight of an object. To block up; to interpose obstacles; to render impassable; to fill with barriers or impediments, as to obstruct a road or way. To impede; to interpose impediments to the hindrance or frustration of some actor service, as to obstruct an officer in the execution of his duty.
Id. at 1077.
In its judgment entry filed April 10, 1998, the trial court recited the stipulated evidence as follows:
 The appellant Brian Todd Rogers operates a bar called Todd's Place located at 185 Orange Street in Mansfield. On 11-22-96 Mansfield Police officers came to the bar looking for an individual with outstanding warrants. The enforcement investigative report, stipulated into evidence by the parties at the administrative hearing, describe what happened. The door was locked although there were 30 to 40 customers in the bar. When the police knocked, two men pulled back the curtain and peered out. The uniformed officer told them to open the door.
 There was a two minute delay before the door was opened. When the officers were finally admitted they observed the bartender acting suspiciously and followed him into a little room located behind the bar. In that room the officers found marijuana and drug paraphernalia. The bartender was charged with marijuana possession but that charge was later dismissed because of lack of evidence to prove the marijuana belonged to the bartender.
In reviewing these stipulated facts, the trial court concluded "[g]iven the rapidity with which contraband can be destroyed, two minutes could reasonably be found to be a sufficient delay to hinder or obstruct the officer's inspection and search." Appellant challenges this conclusion by arguing three to five minutes have been sanctioned as being a hindrance (WFO Corp. dba Bristols v. Ohio Liquor Control Comm. (October 31, 1996), Franklin App. No. 96APE 05-558, unreported; NR Inc. dbaSunset Inn v. Ohio Liquor Control Comm. (1996), 113 Ohio App.3d 198) and two minutes is below this threshold standard.
Given the trial court's reasoning regarding the "rapidity with which contraband can be destroyed," we find no abuse of discretion in finding two minutes is sufficient to establish a hindrance.
Appellant challenges the credibility of Officer Foster's opinion it took two minutes for the door to open. T. at 11. In support, appellant notes the general offense report completed on the evening in question is silent as to the amount of time the officers were prevented access to appellant's bar. This issue was not raised to appellee. Regardless of the actual seconds that passed, the following narrative of Officer Foster established the door was purposefully kept locked when the officers attempted to enter:
 So we pulled off to the side. I got a couple officers, and we walked up, and I tried the door a couple times, and I'm a bigger person. If the door was just stuck, I would be able to get it open. Like I said, I go in there every Thursday and Sunday anyway. I know the door wasn't stuck.
 So I grabbed it with both hands and tugged on it, and it wouldn't come open. Then I pounded on it, flap went back, and you could hear screaming and yelling in the bar, somebody yelling it's the cops. It took about maybe close to two minutes, minute and a half, two minutes, and then finally I heard the door jostle a little bit, and everybody was just kind of sitting in the bar except for that Joe Green.[1]
T. at 11.
The credibility issue is within appellee's province. It is not our role to second guess appellee.
Appellant also challenges the reliability and probity of the evidence. Officer Foster was not cross-examined and appellant admitted he was not present on the evening in question. T. at 6. We find Officer Foster's testimony to be "confidently trusted" and did tend to prove the issue presented.
Appellant claims appellee obtained testimony from Officer Foster of activities outside the evening in question. Appellee asked about the number of arrests made since the incident. T. at 15. Officer Foster testified to five arrests outside the bar in a two week period. T. at 16. Although the questions asked were not relevant to the issue at hand, given the undisputed evidence of "hindrance," we find such questioning to be harmless error. Civ.R. 61.
Upon review, we find the trial court did not abuse its discretion in finding appellee's decision was supported by reliable, probative and substantial evidence.
Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
[1] Officer Foster testified prior to approaching the bar, he observed patrons pull and bang on the door. T. at 10. A piece of cardboard over the window was raised and the door swung open.Id. This method of entry was substantially different than on other occasions.