OPINION
Appellant, Digrat, Inc., appeals from a decision of the Franklin County Court of Common Pleas affirming the orders of appellee, the Ohio Liquor Control Commission, revoking appellant's liquor permits.
Appellee issued notices of hearings to appellant for twenty alleged violations of the Ohio Revised Code and the Liquor Control Commission regulations related to drug trafficking occurring on the permit premises. The common pleas court included a detailed description of the charges in its decision. The original hearing was scheduled for February 25, 1997, but was continued. After several more continuances, hearings were held on October 21, 1997, March 10, 1998, and October 28, 1999. On November 16, 1999, appellee issued orders revoking appellant's liquor license in all the cases, effective December 7, 1999. Appellant appealed the orders to the Franklin County Court of Common Pleas on December 7, 1999.
The common pleas court issued a decision on February 28, 2001, affirming appellee's revocation orders in all but one violation (violation #1 of case No. 156-97, related to gaming or wagering on the permit premises). Specifically, the common pleas court found that, despite the fact that no lab reports were admitted into evidence proving that the substances purchased at the permit premises were in fact cocaine and marijuana, drug dealing at the permit premises could be proved by circumstantial evidence based on the extensive testimony of investigating officers. The common pleas court also concluded that drug dealing constituted "improper conduct" under Ohio Adm. Code 4301:1-1-52 ("Rule 52") and that this administrative rule is neither void for vagueness nor overbroad. Additionally, the common pleas court found that the convictions of Kandi Keller and Kathy Hatfield, in federal court for conspiracy to possess with intent to distribute cocaine (a felony), also served as a basis for the revocation of appellant's liquor permits under R.C. 4301.25(A)(1).
Appellant filed a timely notice of appeal to this court on March 30, 2001. On appeal, appellant asserts five assignments of error:
 I. The Common Pleas Court erred and/or abused its discretion in not finding that the orders of revocation of appellant's liquor permits in case nos. 142-97, 143-97, 144-97, 145-97, 146-97, 147-97, 148-97, 149-97, 150-97, 151-97, 152-97, 153-97, 154-97, 155-97, 156-97, 157-97, 1583-97, and 1584-97, by the Liquor Control Commission were based upon an improper use of administrative rule 4301:1-1-52 and are therefore invalid and void.
 II. The Court of Common Pleas erred and/or abused its discretion in not finding that the orders of revocation of appellant's liquor permits in case nos. 142-97, 143-97, 144-97, 145-97, 146-97, 147-97, 148-97, 149-97, 150-97, 151-97, 152-97, 153-97, 154-97, 155-97, 156-97, 157-97, 1583-97, and 1584-97, by the Liquor Control Commission were not based upon substantial, reliable and probative evidence and are therefore invalid and void.
 III. The Common Pleas Court erred and/or abused its discretion in not finding that the order of revocation by the Liquor Control Commission of appellant's liquor permits in case no. 156-97, violation #1 was improper as the same was not supported by reliable, substantial, and/or probative evidence and is therefore invalid and void.
 IV. The Common Pleas Court erred and/or abused its discretion in not finding that the orders of the Liquor Control Commission revoking Appellant's liquor permits in cases 1327-98 and 1328-98 were improper as the same were not supported by reliable, substantial, and/or probative evidence and are therefore invalid and void.
 V. The Common Pleas Court erred and/or abused its discretion when it found, despite serious omissions in the proof of all of the alleged violations by the Attorney General's Office that nevertheless such proof could be established by circumstantial evidence and based thereon that Appellant's Liquor Licenses could be revoked.
Appellant is an Ohio corporation, which owned a bar originally known as "Shadows" but later known as "O'Harleys" located at 3178-80 Cleveland Avenue in Columbus, Ohio. Apparently, David Glockner is the sole shareholder and principal of the corporation. Appellant is the holder of D-5 and D-6 liquor permits. At the time of the violations that are the basis of this action, the bar was being operated under a management agreement by George and Sandra Stewart. Although Glockner testified that a stock and liquor permit transfer were pending at the time of the violations, it is undisputed that appellant was still the owner of the bar and the permit holder at that time.
An undercover investigation was conducted by the Bureau of Alcohol, Tobacco and Firearms ("ATF") in conjunction with the Columbus Police Department involving drug and firearms trafficking by the Outlaw Bikers in Columbus, Ohio and in surrounding states. Through the course of this investigation, the officers became aware that some of the drug trafficking was occurring at the permit premises. ATF agent Frank D'Alesio observed hundreds of drug transactions at the permit premises over a two-and-one-half-year period. D'Alesio purchased cocaine from bartenders Keller and Hatfield, as well as other employees and patrons of the permit premises, on numerous occasions between October 1994, and May 1996. A detailed description of the drug transactions including the date, the amount of the cocaine, and the price, as well as the corresponding Liquor Control violation number, were provided in the common pleas court's decision. The individuals involved were arrested on May 25 and 26, 1996, and a gun and gambling devices were found at the permit premises at the time of the arrests. Keller and Hatfield pled guilty to conspiracy to possess with intent to distribute cocaine (a felony) in March 1997.
Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. If the trial court finds that the order is supported by reliable, probative and substantial evidence and is in accordance with law, then the trial court must affirm the order. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. However, an appellate court's review is more limited. Id. The appellate court reviews the trial court's decision on an abuse of discretion standard and, absent an abuse of discretion, the appellate court must affirm. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218.
We address appellant's assignments of error out of order in the interest of judicial economy.
We address appellant's third assignment of error first, in which it argues that the common pleas court erred or abused its discretion in not finding that the revocation based upon violation #1 in case No. 156-97 was improper. This violation was based upon gambling devices found at the permit premises. However, contrary to appellant's argument, the common pleas court specifically found that the revocation based upon violation #1 of case No. 156-97 was not supported by reliable, substantial and probative evidence. Therefore, appellant's third assignment of error is overruled.
We address appellant's fifth assignment of error next. In appellant's fifth assignment of error, it argues that the common pleas court erred or abused its discretion by allowing proof of the violations by circumstantial evidence. We disagree.
In VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79,82, the Supreme Court of Ohio indicated that "[t]here is no requirement, however, that a violation be proved by direct evidence. The commission is permitted to draw reasonable inferences based on the evidence before it." In N.R., Inc. v. Ohio Liquor Control Comm. (1996),113 Ohio App.3d 198, 205, the Ninth District Court of Appeals also held that direct evidence was not required to establish a violation of a liquor control regulation and that a violation can be established by circumstantial evidence. Similarly, in FOE Aerie 0895 v. Ohio Liquor Control Comm. (Dec. 10, 1998), Lawrence App. No. 98CA09, unreported, the Fourth District Court of Appeals, following VFW Post 8586, also held that a violation can be established through circumstantial evidence and noted that "[t]here is no requirement that a violation be witnessed by an agent or otherwise proven by direct evidence."
Thus, based upon the authority of VFW Post 8586, we find that the common pleas court did not err or abuse its discretion in concluding that a violation could be established by circumstantial evidence. Appellant's fifth assignment of error is overruled.
In appellant's fourth assignment of error, it argues that the common pleas court erred or abused its discretion by concluding that the revocation orders in the cases based upon the felony convictions of the employees of the bar were not based upon substantial, reliable and probative evidence and are therefore void and invalid. We disagree.
The common pleas court found that the convictions of Keller and Hatfield, as evidenced by certified copies from federal court which were admitted into evidence, constituted violations of R.C. 4301.25(A)(1). Under R.C. 4301.25(A)(1), a permit may be suspended or revoked if the permit holder or the holder's agent or employee are convicted of a felony. Appellant argues that there is no evidence in the record that the conspiracy to possess with intent to distribute cocaine, the felony for which Keller and Hatfield were convicted, occurred on the permit premises. Additionally, appellant argues that there is no evidence that Keller and Hatfield were agents or employees of appellant.
However, the testimony of D'Alesio indicated that Keller and Hatfield were working at the permit premises as bartenders, serving drinks to patrons and placing the money received from such sales in the cash register. According to D'Alesio, both women used the telephone on the permit premises to arrange for drugs to be delivered to the bar for sale to patrons. The testimony indicated that the women were employed by the Stewarts, who managed the permit premises for appellant under a management agreement.
In Insight Enterprises, Inc. v. Ohio Liquor Control Comm. (1993),87 Ohio App.3d 692, 697, this court indicated that a permit holder may not structure its business in a manner that insulates the permit holder from responsibility for liquor control violations occurring on the permit premises. Although appellants assert that a transfer of stock and the liquor permit was pending, it is undisputed that appellant was still the permit holder and owner of the business and permit premises at the time of the violations. As the permit holder, appellant was ultimately responsible for the actions occurring at the permit premises. Moreover, as noted above, in relation to appellant's fifth assignment of error, Liquor Control violations may be established by circumstantial evidence.
Therefore, we cannot conclude that the common pleas court erred or abused its discretion in concluding that the violations were supported by reliable, substantial and probative evidence. Appellant's fourth assignment of error is overruled.
Because we conclude that the common pleas court did not err or abuse its discretion in affirming the orders of appellee revoking appellant's liquor permits under R.C. 4301.25(A)(1), appellant's first and second assignments of error are moot.
Based upon the foregoing reasons, appellant's third, fourth and fifth assignments of error are overruled, while its first and second assignments of error are moot. Consequently, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.