**PIVAR, Appellant,**

v.

**SUMMIT COUNTY SHERIFF, Appellee.**

[Cite as *Pivar v. Summit Cty. Sheriff,* 170 Ohio App.3d 705, 2006-Ohio-5425.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23160.

Decided Oct. 18, 2006.

James L. Wagner, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Susan Baker Ross, Assistant Prosecuting Attorney, for appellee.

SLABY, Presiding Judge.

{¶ 1} Appellant, Gary G. Pivar, appeals from the trial court's judgment in favor of appellee, Summit County Sheriff (the "Sheriff"), affirming the Sheriff's denial of Pivar's application for a concealed-handgun license ("CHL") pursuant to R.C. 2923.125. We affirm.

{¶ 2} In October 2004, Pivar applied to the Sheriff for a CHL pursuant to R.C. 2923.1210. On November 16, 2004, the Sheriff issued Pivar a Notice of Denial of Pivar's application because he had retired from the Summit County Sheriff's Office in 1987 on a mental disability. Pivar appealed the Sheriff's decision to the Summit County Court of Common Pleas on December 3, 2004. The trial court upheld the Sheriff's decision on February 22, 2006. Mr. Pivar has timely appealed the trial court's decision and raises one assignment of error for review:

The trial court erred in upholding the decision of [the Sheriff] because such decision was not supported by reliable, probative and substantial evidence and was not in accordance with law.

{¶ 3} Pivar asserts that the Sheriff is required ·to issue a CHL where the requirements of R.C. 2923.125(D)(1) have been met. Pivar asserts that the Sheriff was required to issue him a CHL because he met all of the requirements of R.C. 2923.125(D)(1), including, but not limited to, the requirements of R.C. 2923.125(D)(1)(j). We disagree.

{¶ 4} We first note the appropriate standard of review. Appeals taken from an administrative agency's decision are governed by R.C. 119.12. The adversely affected party may appeal to the court of common pleas of the county where the licensee's place of business is located or where the licensee resides. "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. "The common pleas court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the [board]." *N.R., Inc. v. Ohio Liquor Control Comm.* (1996), 113 Ohio App.3d 198, 202, 680 N.E.2d 703. In addition, "courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748, syllabus. However, "[t]o the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently." *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591.

{¶ 5} In reviewing a decision of a common pleas court that determines whether an agency's order is supported by reliable, probative, and substantial evidence, this court must determine whether the trial court abused its discretion. *Wise v. Ohio Motor Vehicle Dealers Bd.* (1995), 106 Ohio App.3d 562, 565, 666 N.E.2d 625. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [board] or a trial court." *Pons*, 66 Ohio St.3d at 621, 614 N.E.2d 748. "On questions of law, the common pleas court does not exercise discretion and the court of appeal's review is plenary." *McGee v. Ohio State Bd. of Psychology* (1993), 82 Ohio App.3d 301, 305, 611 N.E.2d 902.

{¶ 6} Pivar asserts that he is entitled to the CHL because he met all the requirements of R.C. 2923.125. Specifically, he asserts that he has "not been adjudicated as a mental defective, has not been committed to any mental institution, is not under adjudication of mental incompetence, has not been found by a court to be a mentally ill person subject to hospitalization by court order, and is not an involuntary patient other than one who is a patient only for purposes of observation." R.C. 2923.125(D)(1)(i).

{¶ 7} The trial court found, however, that Pivar had not met the requirement set forth in R.C. 2923.125(D)(1)(i); Pivar had been adjudicated as having a mental defect and had also been committed to a mental institution. In combination with its consideration of the legislative intent behind firearm laws as set forth in *State v. White* (Mar. 28, 1997), 3rd Dist. No. 9–96–66, 1997 WL 180307, at *3, the trial court found that the Sheriff's decision to deny Pivar a CHL was supported by "reliable, probative and substantial evidence." The trial court's decision contains both findings of fact and legal conclusions.

A. Question of Law

{¶ 8} The trial court concluded that the Pivar had been "committed to a mental institution," which precluded the Sheriff from issuing Pivar a CHL pursuant to R.C. 2923.125(D)(1)(i). Pivar argues that voluntary entrance into a psychiatric ward of a hospital is not a commitment as set forth in the statute because the word "committed" means "being involuntarily placed in a mental institution by some authority, usually a court."

{¶ 9} The principles of statutory construction require courts to first look at the specific language contained in the statute, and if the language is unambiguous, to then apply the clear meaning of the words used. *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed

according to the rules of grammar and common usage." We must give effect to the words used in the statute, not delete any words or insert words not used. *Pearn v. DaimlerChrysler Corp.*, 148 Ohio App.3d 228, 2002-Ohio-3197, 772 N.E.2d 712, at ¶ 63, citing *Lesnau v. Andate Ent., Inc.* (2001), 93 Ohio St.3d 467, 471, 756 N.E.2d 97.

{¶ 10} A court may interpret a statute only where the statute is ambiguous. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332. A statute is ambiguous if its language is susceptible of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde* (1996), 76 Ohio St.3d 508, 513, 668 N.E.2d 498.

{¶ 11} Here, the statute is not ambiguous. The word "committed" is not modified by the words voluntary or involuntary. Under Ohio law, commitment may be voluntary or involuntary and the legislature provides "a person who is committed, voluntarily or involuntarily" with the same rights. R.C. 5122.29. There is no support for Pivar's statutory interpretation that "committed to a mental institution" means only involuntary commitment. If Pivar was committed to a mental institution, voluntarily or involuntarily, he has not met the requirements of R.C. 2923.125(D)(1)(i).

### B. Question of Fact

{¶ 12} The trial court found, based on the sealed records before it, that "Mr. Pivar was hospitalized at St. Thomas Hospital for psychiatric treatment [and that] there is evidence of multiple incidents of erratic behavior including threatening sheriff's department personnel, discharging a firearm at his girlfriend's house, arriving at a Doctor's office with hand grenades, as well as suicidal tendencies." The trial court also noted that "in 1987, Appellant was placed on Disability by the Public Employees Retirement System of Ohio for mental health reasons and erratic behavior." Thus, the trial court found that Pivar did not satisfy the requirements of R.C. 2923.125(D)(1)(i), i.e., he failed to establish that he had "not been adjudicated a mental defective" and that he had "not been committed to any mental institution."

{¶ 13} We find, based on the review of the record filed under seal, and applying our discussion of the statutory language above, that the trial court's finding does not represent an error in judgment and was not an abuse of discretion. Appellant's assignment of error is overruled.

Judgment affirmed.

MOORE and BOYLE, JJ., concur.