DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:.
BOYLE, Judge.
 {¶ 1} Appellant, The Kat's Meow Auto Sales, L.L.C., appeals from the judgment of the Lorain County Court of Common Pleas affirming an order of the Ohio Motor Vehicle Dealers Board denying Appellant's application for a motor vehicle dealer's license. We affirm.
 I. {¶ 2} Appellant is an Ohio limited liability company that occupies part of a retail building in Elyria, Ohio, located at 8 Chestnut Street. In January 2005, Appellant, through its sole member, Kitty Meszes, applied to Appellee, Ohio Bureau of Motor Vehicles, for a used motor vehicle dealer's license. On February 1, 2005, Robert Gallo, an investigator for Appellee, inspected the Chestnut Street facility and found a number of violations of Ohio Adm. Code 4501:1-3-08(A). That section provides, inter alia, that an automobile dealership must have a permanent physical barrier separating the dealership — including the lot — from all other places of business, that it must have its own telephone line, that it must be easily accessible, and that it must be identifiable to the public as a motor vehicle dealership. Id. The physical barrier must be durable enough to inhibit normal pedestrian and vehicular traffic. Ohio Adm. Code 4501:1-3-08(E). Additionally, the name on all signage identifying the dealership must be the same name used on the license application, and all lettering on such signs must be at least six inches high. Ohio Adm. Code 4501:1-3-03(A). The investigator found that a candy and flower shop occupying the other part of the Chestnut Street building shared a telephone number with the dealership and that the two businesses were not physically separated. On March 18, 2005, Gallo made suggestions to Meszes as to how Meszes might bring the facility into compliance, although the record is not entirely clear as to what suggestions Gallo made.
 {¶ 3} Gallo returned on March 29, 2005 and found that there was no change in the means of separating the neighboring businesses and that the facility was not identifiable to the public as an automobile dealership. On April 26, 2005, Gallo returned one more time and found that the word "the" on the sign was less than six inches in height, that a dumpster and debris obstructed the entrance to the lot and impeded access, and that the businesses still were not properly and permanently separated. In order to separate the car lot from the parking lot of the adjacent business, Appellant strung a cable through several concrete pylons, later replacing the cable with a chain. The chain was wrapped around thin metal bars protruding from the tops of the pylons and were hooked to a lamppost a few feet away from the building with a closed hook, with a sidewalk between the post and the wall of the building.
 {¶ 4} Appellant claims that Gallo told Meszes she would have an additional 30 days from the April 26 inspection to bring the facility into compliance, although nothing in the record other than Appellant's own testimony substantiates this claim. In any case, Appellant's application was denied on May 10, 2005. Appellant appealed to the Motor Vehicle Dealers Board, and a hearing was held on August 4, 2005. Appellant filed an administrative appeal in the Lorain County Court of Common Pleas but did not file a brief, despite being granted three continuances to file the brief. Appellee filed a motion for judgment on the pleadings, including a memorandum in support, arguing that the decision of the Motor Vehicle Dealer's Board was supported by reliable, probative, and substantial evidence and was in accordance with law. The trial court granted the motion and rendered judgment on February 28, 2006. Appellant timely appealed to this Court, asserting two assignments of error.
 II. A. First Assignment of Error
"THE ORDER OF THE OHIO MOTOR VEHICLE DEALERS BOARD IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE[.]"
 {¶ 5} We first note the appropriate standard of review. Appeals taken from an administrative agency's decision are governed by R.C. 119.12. "The [trial] court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Id. "The common pleas court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the [Board]." N.R.,Inc. v. Ohio Liquor Control Comm. (1996), 113 Ohio App.3d 198, 202. In addition, "courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, syllabus. However, "[t]o the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently." Ohio Historical Soc. v. State Emp.Relations Bd. (1993), 66 Ohio St.3d 466, 471.
 {¶ 6} In reviewing a decision of a common pleas court that determines whether an agency's order is supported by reliable, probative and substantial evidence, this court must determine whether the trial court abused its discretion. Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the [Board] or a trial court."Pons, 66 Ohio St.3d at 621. "On questions of law, the common pleas court does not exercise discretion and the [appellate court's] review is plenary." McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305.
 {¶ 7} Having reviewed the record, we cannot conclude that the trial court abused its discretion in finding that there was reliable, probative, and substantial evidence to support the decision of the Motor Vehicle Dealers Board and that the decision was in accordance with law. The Board found that the chain did not constitute a "permanent physical barrier" as required by Ohio Adm. Code 4501:1- 3-08(E) and that the chain was not durable enough to inhibit vehicular and pedestrian traffic. The Board also found that some of the lettering on the sign was too small and that the dealership was not easily accessible from a public roadway. Gallo testified that the chain could have been lifted from the pylons, that a dumpster and debris partially obstructed the entrance to the lot, and that some of the lettering on the sign was less than six inches high. The photographic evidence appears to be consistent with this testimony. Based on this evidence, it was not improper for the Board to deny Appellant's application. Appellant's first assignment of error is overruled.
 Second Assignment of Error
"THE ENFORCEMENT ACTIONS OF THE BUREAU'S INSPECTOR IN DENYING APPELLANT'S LICENSE APPLICATION WERE ARBITRARY AND CAPRICIOUS[,] THUS DENYING [APPELLANT] DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE OHIO AND U.S. CONSTITUTIONS."
 {¶ 8} Appellant's second assignment of error alleges that Appellee's actions were arbitrary and capricious and therefore denied Appellant's due process and equal protection rights. Appellant points to a section of Gallo's testimony, in which he stated that different inspectors might interpret Ohio Adm. Code 4501:1- 3-08 differently. Appellant suggests that this makes the Code provisions unconstitutionally vague and that Gallo also acted arbitrarily by essentially eyeballing the size of the lettering on the sign rather than physically measuring the letters. Finally, Appellant suggests that it was arbitrary for Gallo to tell Meszes that she would have an additional 30 days to comply with the regulations but to deny the license application only 14 days later. All of these actions, according to Appellant, amount to a denial of due process and equal protection of the law.
 {¶ 9} Appellant did not file a brief with the trial court and did not raise this issue either at the administrative hearing or at the trial court level. "A failure to raise an issue during an administrative appeal before the common pleas court operates as a waiver of the party's right to assert the issue for the first time to an appellate court."Gross Builders v. Tallmadge, 9th Dist. No. 22484, 2005-Ohio-4268, at ¶ 36, citing Thrower v. Akron Dept. of Public Hous. Appeals Bd., 9th Dist. No. 20778, 2002-Ohio-3409, at ¶ 20. Because Appellant is raising these issues for the first time before this Court, we cannot address them. Appellant's second assignment of error is overruled.
 III. {¶ 10} Both assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. CARR, J. CONCUR