DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the Ohio State Dental Board ("the Board"), appeals an order of the Lorain County Court of Common Pleas that reversed the Board's determination of a disciplinary matter. This Court reverses.
 {¶ 2} On March 21, 2006, the Board sent an investigator to the office of Appellee John M. Brooke to investigate allegations that Dr. Brooke was under the influence of alcohol. Dr. Brooke refused to sign a consent agreement that would have required him to surrender his license and attend intensive in-patient treatment for alcoholism at a facility approved by the Board. Instead, Dr. Brooke underwent out-patient treatment and aftercare. The Board initiated disciplinary proceedings against Dr. Brooke by serving him with a Notice of Opportunity for Hearing dated March 29, 2006. The Notice listed four grounds for the proposed discipline:
 "On or about November 11, 2005, you were charged with Driving Under the Influence in violation of Ohio Revised Code § 4511.19. On or about November 21, 2005, you plead no contest to and were found guilty of a reduced charge, reckless operation, in the Lorain Municipal Court, Case No. TRC 0507793B. *Page 2 
 "On or about November 21, 2005, you plead no contest to and were found guilty of possession of a firearm while intoxicated in violation of Ohio Revised Code § 2923.15 in the Lorain Municipal Court, Case No. CRB0504586.
 "On or about March 9, 2006, you plead no contest to and were found guilty of Operating a Vehicle while Intoxicated, in violation of [R.C.] 4511.19, in the Rocky River Municipal Court, Case No. 06 TRC 03772.
 "On or about March 21, 2006, an Ohio State Dental Board Enforcement Officer observed you in your dental office. You were observed having slurred speech and glassy eyes. You further admitted to drinking alcohol that morning. You treated patients that day and had other patients scheduled for treatment."
A hearing on the allegations was conducted on September 12, 2006. On November 16, 2006, the hearing examiner issued an order concluding that Dr. Brooke "is presently dependent on alcohol or other drugs and has excessively used alcohol or other drugs from September, 2005 to at least March 21, 2006 resulting in his present inability to practice dentistry under accepted standards of the profession." The hearing examiner noted that "[t]here is no evidence that [Dr. Brooke] has broken his sobriety since March 21, 2006," but emphasized that Dr. Brooke had not "submitted for an assessment and treatment by a Board-approved facility which can confirm his diagnosis, prescribe the appropriate treatment and aftercare and ultimately report to the Board[.]" The hearing examiner recommended that Dr. Brooke's license be suspended for an indefinite period of no less than fifteen months.
 {¶ 3} Dr. Brooke objected to the conclusion of the hearing examiner. On January 10, 2007, the Board upheld the hearing examiner's conclusions, but modified Dr. Brooke's sanction by reducing the minimum period of indefinite suspension to twelve months. Dr. Brooke filed an administrative appeal in the Lorain County Court of Common Pleas on January 27, 2007, and the trial court stayed implementation of the suspension. The trial court considered the appeal on the record certified by the Board and briefs filed by the parties. On January 8, 2008, the trial court vacated the Board's disciplinary order, concluding that there was no reliable, substantial, and *Page 3 
probative evidence to support the Board's conclusion that Dr. Brooke "was unable `to practice dentistry under accepted standards of the profession.'" The Board timely appealed.
 ASSIGNMENT OF ERROR "The lower court erred in holding that the Ohio State Dental Board was required to show evidence that Dr. Brooke committed a practice error as a result of his alcohol impairment and thereby the Dental Board's Adjudication Order was not supported by reliable, probative, and substantial evidence and was not in accordance with law."
 {¶ 4} The Board's assignment of error is that the trial court erred by vacating its order of discipline. Specifically, the Board has argued that the trial court erred as a matter of law by misapplying the terms of R.C. 4715.30(A)(8) to require actual errors in the practice of dentistry before discipline may be imposed. Because the Board maintains that the trial court committed an error of law, it also urges this Court to apply a de novo standard of review. Dr. Brooke, on the other hand, argues that the trial court did not err by misapplying the law and insists that this Court should review the Board's appeal under an abuse of discretion standard.
 {¶ 5} Appeals to the court of common pleas from an order of an agency that revokes or suspends a license are governed by R.C. 119.12. Consequently, the court of common pleas "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." Id. The court of common pleas defers to the administrative body's resolution of conflicts in the evidence and interpretation of the standards of its profession, but "`to the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 *Page 4 
reviewing task completely independently.'" Kat's Meow Auto Sales, LLC v.Ohio Bur. of Motor Vehicles, 9th Dist. No. 06CA008903, 2006-Ohio-6474, at ¶ 5, quoting Ohio Historical Soc. v. State Emp. Relations Bd. (1993),66 Ohio St.3d 466, 471.
 {¶ 6} This Court, in turn, reviews the decision of the court of common pleas for an abuse of discretion. See Chlysta v. Ohio State DentalBd., 174 Ohio App.3d 465, 2007-Ohio-7112, at ¶ 27. As the Board argues, "`[o]n questions of law, the common pleas court does not exercise discretion and the court of appeal's review is plenary.'" Pivar v.Summit Cty. Sheriff, 170 Ohio App.3d 705, 2006-Ohio-5425, at ¶ 5, quoting McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305. Because the crux of the trial court's decision is the characterization of the evidence as neither reliable, probative, nor substantial, however, we disagree with the Board's assertion that this Court should review this case de novo.
 {¶ 7} Although we disagree with the Board's argument regarding the appropriate standard of review, this Court is persuaded that the trial court's decision to reverse the Board's disciplinary order is unreasonable, arbitrary, and unconscionable. See Ohio Auto Sales, Inc.v. Ohio Motor Vehicles Dealers Bd. (Apr. 10, 2002), 9th Dist. No. 3227-M, at *2, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. The Board disciplined Dr. Brooke under the authority of R.C. 4715.30(A)(8), which provides:
 "The holder of a certificate or license issued under this chapter is subject to disciplinary action by the state dental board for * * * [i]nability to practice under accepted standards of the profession because of physical or mental disability, dependence on alcohol or other drugs, or excessive use of alcohol or other drugs[.]"
The evidence in this case — which is reliable, probative, and substantial — demonstrates that the Board's action was warranted. *Page 5 
 {¶ 8} The Board's investigator, who visited Dr. Brooke's office on March 21, 2006, in response to a complaint that Dr. Brooke was practicing dentistry while under the influence of alcohol or drugs, noted that his eyes appeared glassy and his speech sounded slurred. Based on his extensive experience in law enforcement, the investigator determined that Dr. Brooke's appearance was consistent with one who was under the influence of alcohol. He also recalled that Dr. Brooke met him in the office with toothbrush in hand and continued to brush his teeth throughout the initial stages of their conversation. At least one patient seen by Dr. Brooke confirmed the investigator's observations; a second could not pinpoint the nature of her concern, but noted that Dr. Brooke was not behaving normally. Dr. Brooke's office staff contacted his personal physician on the morning in question to express the same concern. In addition, it was undisputed that Dr. Brooke had been involved in two alcohol-related incidents in close proximity to the events of March 21, 2006.
 {¶ 9} Dr. Brooke's apparent efforts to curtail his alcohol consumption since the incident of March 21, 2006, are laudable. But those efforts — which fall short of the Board's requirements when an impaired dentist has been disciplined — do not relieve Dr. Brooke of responsibility for the events underlying this disciplinary matter. The trial court's decision that the Board's determination was not supported by reliable, probative, and substantial evidence is in error, and the Board's assignment of error is sustained.
 {¶ 10} The Board's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the Board's order of discipline dated January 10, 2007, is reinstated.
 Judgment reversed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 MOORE, P. J. DICKINSON, J. CONCUR *Page 1